IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN M. FRY ) | CASE NO.: |
| 263 Vivian Dr. ) | |
| Berea, Ohio 44017 ) | JUDGE: |
| ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| Plaintiff, ) | |
| ) | (JURY DEMAND ENDORSED HEREIN) |
| v. ) | |
| ) | |
| ADVANCED DISTRIBUTION, INC. ) | |
| 1942 McGregor Road ) | |
| Ypsilanti, Michigan 48198 ) | |
| ) | |
| -and- ) | |
| ) | |
| TODD LOUGH ) | |
| c/o Advanced Distribution ) | |
| 5676 Innovation Drive ) | |
| Valley City, OH 44280 ) | |
| ) | |
| Defendants. ) | |

Plaintiff Brian Fry, by and through the undersigned, as his Complaint against Defendants

states and avers the following:

**PARTIES AND VENUE**

1. Fry is a former employee of Advanced Distribution, Inc.

2. Defendant Advanced Distribution, Inc. is a Michigan Corporation with its principal place

   of business at 1942 McGregor Road, Ypsilanti, Michigan 48198.

3. Defendant Advanced Distribution maintains a place of business located at 5676

   Innovation Drive, Valley City, Ohio 44280.

4. Defendant Todd Lough is a resident of the state of Ohio.

5. Lough is an officer, director, shareholder, principal, member, and/or manager of Advanced Distribution.

6. Lough is, and, all times hereinafter mentioned, was a supervisor for Advanced Distribution, who acted directly or indirectly in the interest of Advanced Distribution.

7. At all times relevant herein, Lough supervised and/or controlled Fry's employment with Advanced Distribution, and acted directly or indirectly in the interest of Advanced Distribution in relation to its employees, and is an employer within the meaning of 29 U.S.C. § 203(d).

8. Defendant employed Fry at its Valley City location.

9. Advanced Distribution transacts business in Ohio.

10. Advanced Distribution is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. Advanced Distribution is and, at all times material herein, was an enterprise engaged in commerce or in the production of goods for commerce.

12. Advanced Distribution has and, at all times material herein, had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13. Advanced Distribution is and, at all times material herein, was an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

14. Advanced Distribution is and, at all times material herein, was subject to the provisions of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03 requiring employers to compensate

employees who work in excess of forty hours in one workweek at a rate of one and one-half times the employees' normal wage rate

15. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Fry is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*.

16. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

17. The events giving rise to the claims made in this Complaint occurred in Medina County.

18. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

19. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## FACTS

20. In or around October 2015, Defendant hired Fry as a laborer.

21. In 2017 Fry was promoted to Supervisor.

22. During his employment at Advanced Distribution, Fry routinely worked in excess of forty hours per workweek.

23. Defendants knew that Fry routinely worked in excess of forty hours per workweek.

24. Fry's supervisor, Todd Lough, regularly changed Fry's time records.

25. Lough would change Fry's time records to reduce the number of hours for which Fry was paid.

26. Because Lough changed Fry's time records, Fry was not given credit for the full number of overtime hours that Fry worked.

27. Lough's reduction of Fry's hours caused Fry to not be compensated for one and one and one-half times his hourly wages for those deleted hours.

28. Fry was a non-exempt employee for the purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

29. Defendants' refusal to pay Fry time and one half for all hours worked beyond forty per workweek was in contravention of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03(A).

30. As a direct and proximate result of Defendant's refusal to pay him overtime wages, Fry suffered and will continue to suffer pecuniary harm.

### COUNT I: FAILURE TO PAY OVERTIME COMPENSATION

31. Fry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

32. Fry worked over forty hours per workweek during his employment with Defendants.

33. Defendants did not pay Fry overtime wages for all hours worked over forty per workweek.

34. Pursuant to Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty in one workweek.

35.  Fry was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

36. As a direct and proximate result of Defendants' failure to pay Fry his lawfully earned overtime wages, Fry suffered damages.

37. Defendants willfully and/or intentionally violated Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

38. Defendants acted in bad faith in violating Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

39. As a direct and proximate result of Defendants' failure to pay Fry his lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Defendants are liable to Fry for the full amount of the overtime wage rate, as well as for costs and reasonable attorney's fees as may be allowed by the Court.

40. As a direct and proximate result of Defendants' failure to pay Fry his lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Fry for the full amount of the overtime wage rate, an additional equal amount as liquidated damages, as well as for costs and reasonable attorney's fees.

## COUNT II: UNJUST ENRICHMENT
(Against Advanced Distribution Only)

41. Fry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

42. In performing the duties of a Supervisor for Advanced Distribution, Fry conferred a benefit upon Advanced Distribution.

43. Advanced Distribution knew that Fry performed the duties of a Supervisor for Defendants.

44. Advanced Distribution retained the benefit of Fry's performance of the duties of a Supervisor under circumstances where it was unjust to do so.

45. As a result of Advanced Distribution's acts, Fry suffered, and will continue to suffer, pecuniary harm.

## COUNT III: FAILURE TO MAKE SEMIMONTHLY WAGE PAYMENTS IN VIOLATION OF R.C. § 4113.15
(Against Advanced Distribution Only)

46. Fry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. Pursuant to R.C. § 4113.15(A), "Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

48. Fry demanded that Advanced Distribution pay his wages.

49. Advanced Distribution refused to pay Fry his wages.

50. Advanced Distribution's conduct violated R.C. § 4113.15.

51. As a direct and proximate result of Advanced Distribution's conduct, pursuant to R.C. § 4113.15(B), Advanced Distribution is liable to Fry for his unpaid wages, and an amount equal to six percent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brian Fry respectfully requests that this Honorable Court grant the following relief:

1.    An award against each Defendant of damages to compensate Fry for back pay, front pay, overtime pay, liquidated damages, and other consequential damages, in an amount in excess of $25,000 per claim;

2.      An award of reasonable attorney's fees and costs as allowable and/or required

under law;

3.      Any award of other relief that this Court may deem necessary and proper.


Respectfully submitted,

*s/ Claire I. Wade*
Claire I. Wade (0093174)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Ste 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney for Plaintiff Brian Fry*

## JURY DEMAND

Plaintiff Brian Fry demands a trial by jury by the maximum number of jurors permitted.


*s/ Claire I. Wade*
Claire I. Wade (0093174)